IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KEEGAN WARREN and<br>J. PATRICK MURPHY,<br><br>*Plaintiffs,*<br><br>v.<br><br>WHITE LAKE NATURE PROJECT, LLC,<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:25-cv-00014-Y |

## JOINT STATUS REPORT AND PROPOSED DISCOVERY PLAN

As required by the Court's May 9, 2025, Order to Submit Joint Status Report and Proposed Discovery Plan (the "Order") (Dkt. 15), Plaintiffs Keegan Warren and J. Patrick Murphy ("Plaintiffs"), and Defendant White Lake Nature Project, LLC ("Defendant") (collectively, the "Parties") submit this Joint Status Report and Proposed Discovery Plan.

On May 21, 2025, counsel for Plaintiffs and counsel for Defendant conferred in compliance with Rule 26(f) to discuss the matters set forth in the Order and the items outlined in Federal Rule of Civil Procedure 26(f) generally. Counsel for the Parties continued their discussions regarding this Joint Scheduling Proposal through the date of its filing on May ___ 2025.

**(1)   A brief statement of the nature of the case, including the contentions of the parties**

This case began as a dispute over property rights. Plaintiffs purchased a home located on property abutting a lake owned by Defendant. Plaintiffs allege a right to use the lake while it is Defendant's position that Plaintiffs had no right to use or access privately owned lake on Defendant's property. Plaintiffs now allege federal claims for racial discrimination (42 U.S.C. § 1982) and violation of the Fair Housing Act (42 U.S.C. § 3617), in additional to a pendent state

1

law claim and request for declaratory relief. Plaintiff Warren is Black and her partner Plaintiff Murphy is Caucasian, and they allege that they are being discriminated against by Defendant, and treated less favorably, than the previous owners of their lake front home, who were white.

Plaintiffs' state law claim is for negligent or intentional trespass to their property, and they seek declaratory relief, under 28 U.S.C. § 2201, that they own a portion of the lakebed of White Lake, giving them ownership of the lakebed to the center of the lake, and therefore they have a right to use the lake.

Defendant alleges that none of the actions asserted by Plaintiff were undertaken with any racial bias, prejudice, or discriminatory intent.  Defendant further alleges that even if Plaintiffs' property had a small portion of lakebed on it, that does not entitle them to use and access the entirety of a privately owned lake on their neighbor's privately owned property.  Finally, Defendant alleges that he is not liable for the alleged negligent or intentional trespass of independent contractors over which Defendant did not retain sufficient supervisory control over their work.

**(2)    Any challenge to jurisdiction or venue**

None.

**(3)    A brief description of any matters that require a conference with the Court**

None at this time.  On May 1, 2025, Defendant filed a motion to dismiss under Rule 12(b)(6) (Dkt. 11).  That motion is currently pending, but will not be fully briefed until later this summer.  Plaintiffs' response deadline was extended by agreement of the parties until June 23, 2025 (Dkt. 17).

**(4)    Joinder of other parties**

The Parties will be better able to assess whether to join other parties after Defendant's motion to dismiss is resolved.  Defendant's answer includes defenses which, in part, allege that

third parties may be responsible for damages complained of by Plaintiffs. (Dkt. 13, p. 11, ¶¶ 61-62). Thus, if Plaintiffs' claims survive the pending motion, joinder of such parties may be sought.

**(5)    Rule 26(a)(1)(A) Disclosures**

The disclosures required by Rule 26(a)(1(A) will be made on or before July 11, 2025.

**(6)    (a)    Subjects on which discovery may be needed**

Plaintiffs anticipate needing discovery regarding Defendant's acquisition and ownership of the lake; Defendant's conduct and activity, prior to and following Plaintiffs' purchase of their home, with regard to (1) use of the lake by other property owners, (2) changes, construction, improvements, installations, or other work on the shore of the lake; and (3) fencing, jetties, barriers, or other changes or construction in the lake itself; the allegations contained in Plaintiff's complaint and the matters and defenses raised in Defendant's answer.

Should Plaintiffs' claims survive Defendant's pending 12(b)(6) motion to dismiss, Defendant anticipates that discovery regarding representations made to Plaintiffs by the seller and seller's agent of the home they purchased will be material to the claims and defenses asserted in this case.  Defendant similarly anticipates a need for discovery relating to the allegations contained in Plaintiff's complaint and the matters and defenses raised in Defendant's answer.

**(b)    Completion of discovery**

The Parties jointly propose April 30, 2026, as the deadline for completion of discovery.

**(c)    Phases, limits, or focuses of discovery**

The Parties do not think discovery should be conducted in phases. The Parties agree that discovery should be limited to the claims asserted in Plaintiffs' Complaint (Dkt. 1) or any amendments thereto, and the defenses asserted in Defendants' Answer (Dkt. 13) or any amendments thereto.

**(7)** **Changes in the limitations on discovery imposed under the federal rules or local rules, and what other limitations should be imposed.**

At this time, the Parties do not believe that any changes should be made with respect to the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court.

**(8)** **Any other orders the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

None at this time. As the case proceeds, the Parties may seek a protective order, but at present no such order is needed.

**(9)** **Jury demand**

Plaintiffs have demanded a jury.

**(10)** **Whether all the parties consent to referring this case to a magistrate judge**

The Parties could not agree to refer this case to the magistrate judge.

**(11)** **(a)** **Prospects for Settlement**

The Parties assess prospects for settlement as generally positive and that potential settlement discussions may occur once some initial discovery has been done.

**(b)** **Status of Settlement Negotiations**

The Parties mediated their dispute previously, when it was pending in state court, but the mediation was unsuccessful. After this lawsuit was filed, some settlement discussions continued but eventually fell through. Plaintiffs believe that settlement discussions will not be fruitful until they are able to take the deposition of Defendant's corporate representative. The Parties expect to schedule such deposition by the end of the summer.

**(c)** **Formal settlement conference**

Once the foregoing deposition is taken, the Parties and their counsel will schedule a formal in-person settlement conference at the Fort Worth offices of Kelly Hart & Hallman, LLP, to take place no later than October 17, 2025, at noon.

**(12)   Mediation**

As set forth above, the previous mediation between these Parties was unsuccessful. If the Parties cannot resolve this matter in a formal settlement conference after initial discovery, then mediation is not likely to be effective until further along in the lawsuit, toward the end of the discovery period, at the earliest.

**(13)   *Dondi***

Counsel have read the en banc, per curiam decision in *Dondi Properties. v. Commerce Savs. & Loan Ass'n,* 121 F.R.D. 284 (N.D. Tex. 1988).

**(14)   Other matters**

The Parties are not aware of any other matters relevant to the status and disposition of this case at this time.

Respectfully submitted,

*/s/ Frank Hill (w/ permission)*
FRANK HILL
Texas Bar No. 09632000
fh@hillgilstrap.com
STEFANIE M. KLEIN
Texas Bar No. 11565650
sklein@hillgilstrap.com
**HILL GILSTRAP, P.C.**
1400 West Abram Street
Arlington, Texas 76013
Telephone: (817) 261-2222
Facsimile: (817) 861-4685


**COUNSEL FOR PLAINTIFFS**

**and**

*/s/ Ryan M. Roper*
Hugh G. Connor II
State Bar No. 00787272
hugh.connor@kellyhart.com
Ryan M. Roper
State Bar No. 24098347
ryan.roper@kellyhart.com
Thomas Swafford
State Bar No. 24141909
thomas.swafford@kellyhart.com
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280

**COUNSEL FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of this document has been served upon all parties via the Court's electronic filing system and via United States Postal Service on May 30, 2025:

> Frank Hill
> fh@hillgilstrap.com
> Stefanie M. Klein
> sklein@hillgilstrap.com
> **HILL GILSTRAP, P.C.**
> 1400 West Abram Street
> Arlington, Texas 76013
> Telephone: (817) 261-2222
> Facsimile: (817) 861-4685

<br>

/s/ *Ryan M. Roper*
Ryan M. Roper